NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | **Criminal No. 08-285 (SRC)** |
| : | |
| v. : | |
| : | **OPINION & ORDER** |
| BORIS PINKHASOV, : | |
| : | |
| Defendant. : | |
| : | |
| : | |
| : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion filed by Defendant Boris Pinkhasov ("Defendant") for reconsideration [docket item no. 26] of this Court's Order of December 22, 2008 dismissing the Indictment against Defendant without prejudice. Plaintiff the United States of America (the "Government") has opposed the motion. The Court has considered the papers filed. For the following reasons, the motion for reconsideration will be denied.

Defendant seeks reconsideration of the Court's December 22, 2008 Order insofar as it ordered dismissal of the Indictment to be *without* prejudice. Defendant had moved for dismissal *with* prejudice pursuant to the Speedy Trial Act. Defendant fails to satisfy any of the legal grounds warranting reconsideration. Local Civil Rule 7.1(i), which applies to criminal actions by virtue of Local Criminal Rule 1.1, creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were

overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).  Reconsideration is "an extraordinary remedy," which should only be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for reargument."  Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Defendant's motion amounts to no more than mere disagreement with the Court's decision.  He reiterates the same arguments that were presented to the Court in the underlying motion to dismiss.  His position that the Court's analysis was incorrect does not meet any of the three legal grounds that may support the extraordinary remedy of reconsideration.

Accordingly,

**IT IS** on this 21st day of January, 2009,

**ORDERED** that Defendant's motion for reconsideration of this Court's Order of December 22, 2008 [docket item no. 26] be and hereby is **DENIED**.

                                                           s/ Stanley R. Chesler
                                                STANLEY R. CHESLER
                                            United States District Judge